UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIE L. WILKERSON,

        Petitioner,

v.

        Case No. 20-cv-1157-pp

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. §2255, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

---

On July 27, 2020, the petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 challenging his conviction in United States v. Wilkerson, Case No. 14-cr-249 (E.D. Wis). The motion asserts that the petitioner was not advised prior to his plea that the government would have been required to prove beyond a reasonable doubt that he knew he was a felon at the time he possessed firearms as required by the United States Supreme Court's decision in Rehaif v. United States, ___ U.S. ___, 139 S. Ct. 2191 (2019). Dkt. No. 1. The court will deny the motion and dismiss the case.

**I.    Background**

    A.    Underlying Case

        1.    *Indictment*

On December 16, 2014, the grand jury returned an indictment against the petitioner. Wilkerson, Case No. 14-cr-249, Dkt. No. 1. Count One alleged

1

that "[o]n or about September 19, 2014," having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, the petitioner "knowingly" possessed two firearms in violation of 18 U.S.C. §922(g)(1). Id. at 1. Count One also alleged that the petitioner had three prior convictions for either violent felonies or serious drug offenses, and thus that he qualified as an Armed Career Criminal for the purposes of the sentencing enhancement under 18 U.S.C. §924(e)(2). Id. at 1-2. Count Two charged the petitioner with knowingly and intentionally possessing with intent to distribute marijuana in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(D). Id. at 3. Count Three charged the petitioner with unlawfully and knowingly possessing two firearms in furtherance of the drug offense charged in Count Two, in violation of 18 U.S.C. §924(c)(1)(A)(i). Id. at 4.

　　　　2.　*Plea agreement*

On April 19, 2016, the petitioner (represented by Attorney Daniel Stiller) signed a plea agreement. Dkt. No. 70 at 14. The agreement was filed on May 2, 2016. Dkt. No. 70. The agreement stated that the petitioner was pleading guilty to Count One of the indictment. Id. at ¶¶2, 4. It reflected that the petitioner had read and fully understood the charges in the indictment, the "nature and elements of the crimes with which he ha[d] been charged" and that his attorney fully explained "the terms and conditions of the plea agreement." Id. at ¶3. The petitioner acknowledged, understood and agreed that he was guilty of the offense in Count One. Id. at ¶5. He admitted that the plea agreement recounted

2

facts that established his guilt beyond a reasonable doubt and were true and correct. Id. Those facts provided that

> [b]ased on a corroborated tip that [the petitioner] sold crack and marijuana while armed around N. 29th and W. Vine Streets, Milwaukee police officers got a search warrant for the 42xx W. Lloyd Street address where [the petitioner] was said to keep drugs and a firearm.
>
> On September 19, 2014, Milwaukee police officers arrested [the petitioner] for loitering at 19xx N. 29th Street, and executed the warrant at the Lloyd Street house. In the northwest room of that house, officers found a Maadi, model RML AK, 7.62x.39mm rifle, bearing serial number ESH19914, with magazine hanging on the wall; a drum magazine containing 36 rounds; 10 corner cuts of marijuana; scales; boxes of baggies; scissors; foil; a box of 9mm ammunition in the closet; two bags of marijuana in the closet; a razor with white residue; and identifiers for [the petitioner]. In the south bedroom, officers found an Interdynamic, model KG-99, 9mm pistol, bearing serial number 14450, and identifiers and bills in [the petitioner's] name. A total of 47.41 grams of marijuana was found. [The petitioner] admitted to police that he lived in the searched residence.
>
> The firearms were manufactured outside the State of Wisconsin, and [the petitioner] had previously been convicted of crimes punishable by a term of imprisonment exceeding one year, to include manufacture/deliver cocaine in 2006 in Milwaukee County, Wisconsin, Circuit Court.
>
> This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of [the petitioner's] knowledge of or participation in these offenses.

Id.

The agreement stated that the petitioner understood and agreed that the maximum term of imprisonment for Count One was ten years in prison, a $250,000 fine, three years of supervised release and a mandatory special assessment of $100. Id. at ¶6. The petitioner "acknowledge[d] and underst[ood] that he [might] be subject to the Armed Career Criminal provisions of 18 U.S.C.

§ 924(e)." Id. at ¶7. The agreement provided that if the petitioner ultimately qualified as an Armed Career Criminal, he would "be subject to a fifteen-year mandatory minimum term of imprisonment and a maximum of life imprisonment," and that the petitioner "[might] withdraw his guilty plea if he is determined to be an Armed Career Criminal." Id. The petitioner acknowledged, understood and agreed that he had "discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney, including any possibility that [the petitioner] may qualify as an Armed Career Criminal under 18 U.S.C. § 924(e) or a career offender under the sentencing guidelines." Id. at ¶8.

The agreement also laid out the elements of the charge. Id. at ¶10. It said that the parties understood and agreed that in order to sustain the charge of being a felon in possession of a firearm, the government must prove beyond a reasonable doubt that (1) "prior to September 19, 2014, [the petitioner] had been convicted of a crime that was punishable by a term of imprisonment of more than one year," (2) "on September 19, 2014, [the petitioner] knowingly possessed a firearm," and (3) "the firearm possessed by [the petitioner] had traveled in interstate commerce prior to [the petitioner's] possession of it on that date." Id.

The agreement confirmed that the petitioner acknowledged and agreed "that his attorney . . . discussed the applicable sentencing guidelines provisions with [the petitioner] to [the petitioner's] satisfaction." Id. at ¶13. The petitioner acknowledged, understood and agreed that he could not move to withdraw his guilty plea solely as a result of the court's sentencing determination "except . . .

4

regarding the Armed Career Criminal determination." Id. at ¶14. The petitioner acknowledged and understood that the agreement did not "create any right to be sentenced within any particular sentence range, and that the court [might] impose a reasonable sentence above or below the guideline range." Id. at ¶15. The agreement reflected that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to the imposition of sentence and [might] impose any sentence authorized by law up to the maximum penalties" set forth in the agreement. Id. at ¶24. The petitioner acknowledged, understood and agreed that under the terms of the agreement, he could not "move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶25.

The plea agreement provided that if it "[was] revoked or if [the petitioner's] conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of [the] agreement." Id. at ¶37. Finally, the petitioner acknowledged, understood and agreed that he would "plead guilty freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." Id. at ¶38.

   3.  *Change-of-plea hearing*

On May 9, 2016, the court held a change-of-plea hearing. Dkt. No. 71. The petitioner appeared in person with Attorney Stiller. Id. The court's minutes

5

reflect that during the nearly hour-long hearing, the court placed the petitioner under oath, reviewed the plea agreement with him, questioned him, "recounted that the charge involved a maximum prison term of ten years and a maximum fine of $250,000," explained that if the petitioner qualified as being an Armed Career Criminal he would "be subject to a mandatory minimum sentence of fifteen years and a maximum of life," and recounted that the charge carried a special assessment of $100 and a maximum of three years of supervised release. Id. "The court emphasized that the plea agreement provided that if the probation department's investigation revealed [the petitioner] to qualify as an armed career offender, [the petitioner] could withdraw his guilty plea on that basis alone." Id. The court found that the petitioner understood his trial rights, the penalties associated with the charge, the possible civil consequences of conviction and the uncertainty of the court's ultimate sentence. Id. Concluding that the petitioner was entering the plea knowingly, voluntarily and without threats or promises, the court accepted his guilty plea and found him guilty of Count One in the indictment. Id.

    4.    *Sentencing hearing*

On August 25, 2016, the court conducted the sentencing hearing. Dkt. No. 76. The petitioner appeared in person with Attorney Stiller. Id. at 1. Attorney Stiller confirmed that he and the petitioner had reviewed the presentence investigation report and the addendum; the government confirmed that it reviewed a letter from counsel for the petitioner regarding sentencing structure. Id. The court explained that while the sentencing guidelines in the

6

Case 2:20-cv-01157-PP   Filed 10/18/22   Page 6 of 19   Document 2

presentence report were advisory, the law required the court to begin its sentencing analysis with those guidelines and consider their application to the factors in 18 U.S.C. §3553. Id. The court noted that the report reflected a base offense level of 24, a 4-level increase for the possession of a firearm related to drugs and a 2-level decrease for acceptance of responsibility; the government moved for an additional 1-level reduction during the hearing. Id. "These calculations yielded an adjusted offense level of 25; neither party objected to those calculations." Id.

"The court noted that the presentence report reflected a criminal history category of VI." Id. "The adjusted base offense level of 25 in criminal history category VI yielded an advisory sentencing range of one hundred ten to one hundred thirty-seven months." Id. "The statutory maximum was one hundred twenty months." Id. Neither party objected to the criminal history category or advisory sentencing range. Id. The government gave the parties' joint recommendation: "ten years, to run concurrent with any state sentence [the petitioner] was serving." Id. at 1-2. Attorney Stiller asked the court to impose a sentence of ninety-seven months to run concurrent with his state sentence. Id. at 2. "The parties discussed why the sentence needed to be structured as 97 months; the issue related to the concurrent recommendation, and the need to make sure that the Bureau of Prisons honored it." Id.; see also Dkt. No. 75.

The court concluded that a below-guidelines sentence of "ninety-seven months of incarceration to run concurrently with cases 05CF1152, 05CF4512, and 06CF3413, followed by three years of supervised release, was sufficient but

7

not more than necessary to address the §3553 factors." Id. The court ordered the petitioner to pay the special assessment of $100 but did not impose a fine. Id. "The court advised [the petitioner] that he had a right to appeal, that he had a limited time in which to do so, and that he should discuss his appeal rights with his attorney." Id. The court entered judgment on September 6, 2016. Dkt. No. 77 at 1. The court's judgment reflected the sentence: ninety-seven months, "to run concurrently with the sentences imposed in Milwaukee County Circuit Court Case Nos. 05CF1152, 05CF4512, and 06CF3413." Id. at 2. The petitioner did not appeal.

> B. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (Dkt. No. 1)

Almost four years later, the court received from the petitioner this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Wilkerson v. United States, Case No. 20-cv-1157 (E.D. Wis.), Dkt. No. 1. The petitioner asserts a single ground for relief: that he was "not advised that an element the government would be require to prove beyond a reasonable doubt if [he] proceeded to trial was that [the petitioner] knew that [he] had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." Id. at 1. He concludes that his sentence violates Rehaif, 139 S. Ct. 2191 Id. at 2.

## II. Analysis

> A. Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

8

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

  B. *Rehaif* Claim

    1. *Timeliness*

28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

9

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The petitioner filed his §2255 motion on July 27, 2020. Dkt. No. 1. The court entered judgment in the underlying criminal case on September 6, 2016. The petitioner did not file his §2255 motion within one year of his judgment becoming final under §2255(f)(1). He does not argue under §2255(f)(4) that the facts supporting his claim did not come to light until later; he does not allege under §2255(f)(2) that an impediment prevented him from filing his motion sooner. That leaves §2255(f)(3), "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The United States Supreme Court decided Rehaif on June 21, 2019. The petitioner filed his motion one year, one month and six days later. The petition was not timely filed.

The petitioner argues that Rehaif is retroactively applicable on collateral review. Dkt. No. 1 at 10, ¶21. The Seventh Circuit has not opined as to whether Rehaif applies retroactively to cases on collateral review. A decision is retroactively applicable on collateral review when it narrows "the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Welch v. U.S., 578 U.S. 120, 136 S. Ct. 1257, 1265 (2016). Assuming without deciding that Rehaif applies retroactively

10

to cases on collateral review, the petitioner's §2255 motion is untimely because he did not file it within a year of the date on which the Supreme Court decided Rehaif.

2. *Procedural Default*

A claim must not only be timely—it also must be cognizable. For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

If the petitioner raised the claim on direct appeal, the "law of the case" doctrine dictates that a Circuit Court of Appeals' decision becomes binding when that defendant later raises the same claim through a §2255 motion to vacate, set aside or correct a sentence. Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005) (citing United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986)).

The petitioner raises his Rehaif claim for the first time in his §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v.*

11

> *United States*, 574 F.3d 847, 850 (7th Cir.2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir.1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir.2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir.2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar this claim because the petitioner did not raise it before this court or the Seventh Circuit. But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley, 523 U.S. at 622). The petitioner can show cause for his failure to raise a Rehaif argument before the trial court. "A change in the law may constitute cause for procedural default if it creates 'a claim that is "so novel that its legal basis is not reasonably available to [trial or appellate] counsel."'" Id. (citing Bousley, 523 U.S. at 622). The Supreme Court decided Rehaif on June 21, 2019—thirty-eight months after the court accepted the petitioner's guilty plea and thirty-four months after the court imposed sentence. The Rehaif decision was not reasonably available to the petitioner prior to sentencing; the petitioner has stated cause for his default.

12

But the petitioner cannot show prejudice. The petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Section 922(g) prohibits persons with certain status from possessing firearms. Under §922(g)(1), it is unlawful for any person "who has been convicted in any court" of "a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition." Under §924(e)(1), one who violates §924(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to heightened penalties.

In Rehaif, the petitioner sought §2255 relief from convictions under §§922(g) and 924(a)(2). Rehaif, 139 S. Ct. at 2194. Section 924(a)(2) "adds that anyone who '*knowingly* violates' the first provision shall be fined or imprisoned for up to 10 years." Id. (emphasis in original). "The question [in Rehaif] concern[ed] the scope of the word 'knowingly.'" Id. The United States Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200. The petitioner in this case was not prosecuted under §924(a)(2).

In United States v. Dowthard, the Seventh Circuit considered—but did not conclusively clarify—the application of Rehaif to a conviction under §§922(g) and 924(e). Dowthard, 948 F.3d 814 (7th Cir. 2020). While the indictment in that case "accused Dowthard of *being* a felon who knowingly

13

possessed a gun, it said nothing about his knowledge that any of his prior crimes were felonies." Id. at 816. In a footnote, the court explained that

> [t]he Supreme Court based its holding in *Rehaif* in large part on 18 U.S.C. § 924(a)(2), which provides a maximum 10-year sentence for one who "knowingly violates" § 922(g). 139 S. Ct. at 2194. Dowthard, though, was not charged and convicted under § 924(a), but under § 924(e), which has no express scienter requirement, "knowingly" or otherwise. We do not decide today whether *Rehaif*'s holding extends to § 924(e) and instead accept the government's concession of error for the purposes of this appeal.

Id. at 818 n.1.

The petitioner says that when he pled guilty, he "was not advised" that the government would have had the burden to prove his knowledge of his status as a felon. Dkt. No. 1 at 1. Pointing to United States v. Gary, he concludes he was "not 'informed, as required by Rehaif . . ., that an element of [his] offense(s) was that [he] knew [his] prohibited status . . . at the time [he] knowingly possessed the firearms." Id. at 2 (citing Gary, 954 F.3d 194, 199 (4th Cir. 2020)). This claim fails for several reasons. First, Gary is a decision of the Fourth Circuit Court of Appeals and is not binding on this court; this court is bound only by the decisions of the Seventh Circuit and the Supreme Court. Second, even if this court were bound by Fourth Circuit precedent, the United States Supreme Court vacated and remanded the Fourth Circuit's decision in Gary. Greer v. United States, ___ U.S. ___, 141 S. Ct. 2090 (2021).

More to the point, in the time since Rehaif was decided, the Seventh Circuit has clarified that ignorance of the specific statutory provisions of §922 is no defense; §922(g) requires the government to prove that the defendant had knowledge of his or her relevant status, not of the prohibitions within §922 that

14

result from that status. United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020). In other words, had the petitioner gone to trial, the government would have had to prove that the petitioner knew that he was a convicted felon, but not that the petitioner knew that convicted felons could not possess firearms under §922(g).

The Seventh Circuit also has concluded that "the burden of persuasion rests on the defendant seeking to withdraw his plea based on a Rehaif error." United States v. Williams, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." Id. A reviewing court "can fairly ask . . . what [the defendant] might ever have thought he could gain by going to trial." Id. (quoting United States v. Dominguez Benitez, 542 U.S. 74, 85 (2004)). But the court "will not 'second-guess a defendant's actual decision,' if the record shows it is reasonably probable that he would have taken a chance at trial, even foolishly." Id. (citing Dominguez Benitez, 542 U.S. at 85).

Even if Rehaif applied to the petitioner's convictions, the petitioner cannot credibly contend, and no reasonable jury would have concluded, that he did not know that he was a convicted felon when he possessed a firearm in September of 2014. In United States v. McCline, the defendant pled guilty to possessing a firearm after having been convicted of a felony. McCline, 799 F. App'x 417 (7th Cir. 2020). While the case was pending on appeal, the Supreme Court announced Rehaif. Id. The defendant asked the Seventh Circuit to "vacate his guilty plea, because before the judge accepted that plea she did not

15

inform him that, at a trial, the prosecution would need to prove that he knew that a prior conviction made it unlawful for him to possess firearms." Id. The defendant did not argue "that he was unaware of his legal disability, and such an argument would not be plausible." Id. The court Seventh Circuit noted that "[a] disqualifying conviction is one 'punishable by imprisonment for a term exceeding one year,'" and the defendant "ha[d] several such convictions, and he actually served more than a year in prison for four of them." Id.

The same reasoning applies here. The court has reviewed the presentence investigation report in the petitioner's underlying criminal case. Wilkerson, Case No. 14-cr-249, Dkt. No. 73. It lists the petitioner's previous criminal convictions. Id. at 9-16. The petitioner's prior criminal history includes, but is not limited to, several felony convictions prior to the date of the offense. On May 5, 2000, the Racine County Circuit Court sentenced the petitioner to three years and six months in prison for the manufacture or delivery of cocaine, a class U felony punishable by up to ten years in prison. Id. at 10. The petitioner pled guilty to this offense. State v. Wilkerson, Racine County Case No. 2000CF93 (available at https://wcca.wicourts.gov).

On August 8, 2005, the Milwaukee County Circuit Court sentenced the petitioner to one year in prison and one year of extended supervision for one count of possession of THC, and one year in prison and one year of extended supervision for one count of felony bail jumping. Wilkerson, Case No. 14-cr-249, Dkt. No. 73 at 14. The publicly available docket shows that the petitioner's possession of THC offense was a class I felony, punishable by up to

16

three years and six months in prison, and that his felony bail jumping offense was a class H felony, punishable by up to six years in prison. State v. Wilkerson, Milwaukee County Case No. 2005CF4512 (available at https://wcca.wicourts.gov); Wis. Stat. §939.50(3)(h), (i). The petitioner pled guilty to these offenses. Id.

On November 1, 2006, the Milwaukee County Circuit Court sentenced the petitioner to two years of prison and two years of extended supervision for one count of manufacture or delivery of cocaine, and two years of prison and two years of extended supervision for one count of possession of a firearm as a felon—both class G felonies punishable by up to ten years in prison. Wilkerson, Case No. 14-cr-249, Dkt. No. 73 at 12; see also Wis. Stat. §939.50(3)(g). The petitioner pled guilty to these offenses. State v. Wilkerson, Milwaukee County Case No. 2005CF1152 (available at https://wcca.wicourts.gov).

On June 28, 2006, the Milwaukee County Circuit Court sentenced the petitioner to three years in prison and three years of extended supervision for possession of a firearm as a felon, and five years in prison and six years of extended supervision for one count of possession with intent to deliver cocaine. Wilkerson, Case No. 14-cr-249, Dkt. No. 73 at 15. The publicly available docket shows that the petitioner's possession of a firearm as a felon offense was a class G felony, punishable by up to ten years in prison, and that his possession with intent to deliver cocaine offense was a class D felony, punishable by up to twenty-five years in prison. State v. Wilkerson, Milwaukee County Case No. 2006CF3413 (available at https://wcca.wicourts.

17

gov). The petitioner pled guilty to these offenses. Id.

The record shows that prior to September of 2014, the petitioner had accrued at least four felony convictions resulting in sentences longer than one year. The presentence investigation report reflects that the petitioner spent more than a year in prison for each of those sentences. Wilkerson, Case No. 14-cr-249, Dkt. No. 73 at 9-16. The petitioner had knowledge of his status as a felon at the time he possessed firearms in September 2014. It is not reasonably probable that the petitioner would have taken a chance at trial had he been advised, prior to entering his guilty plea, that under Rehaif the government would have been required to prove beyond a reasonable doubt that he knew at the time he possessed the guns that he previously had been convicted of a felony.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the §2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of

18

appealability, because reasonable jurists could not debate that the petitioner's motion to vacate, set aside or correct his sentence plainly does not entitle him to relief under 28 U.S.C. §2255(a).

## IV. Conclusion

The court **DENIES** the petitioner's motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**